1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11

12    UNITED STATES OF AMERICA,           No. 2:18-cr-266-02 WBS

13               Plaintiff,

14         v.                             ORDER

15    DARRON DIMITRI ROSS,

16               Defendant.

17

18                           ----oo0oo----

19          Defendant Darron Dimitri Ross was sentenced to 72

20    months' imprisonment after pleading guilty to conspiracy to

21    defraud the United States under 18 U.S.C. § 371, wire fraud under

22    18 U.S.C. § 1343, and aggravated identity theft under 18 U.S.C. §

23    1028A, based on his participation in a scheme to divert Social

24    Security benefit payments into fraudulent bank accounts.  He now

25    moves to reduce his sentence by four months under 18 U.S.C. §

26    3582(c)(2).[1]  (Docket Nos. 272, 288.)

27    _____

28          [1]    Defendant Ross initially filed a pro se motion to
      reduce his sentence under Amendment 821, and the Federal Defender

                                    1

1          Defendant Ross moves for a sentence reduction under the

2    retroactive application of Amendment 821, based on its "status

3    point" provision.   Under the prior version of U.S.S.G. §

4    4A1.1(d), a defendant would receive two criminal history points

5    if they committed the instant offense while under a criminal

6    justice sentence, including probation, parole, or imprisonment.

7    Under Amendment 821's status point provision, now at § 4A1.1(e),

8    a defendant now receives only one criminal history point if they

9    committed the instant offense while under a criminal justice

10   sentence.[2]   The government agrees that defendant is technically

11   eligible for a sentence reduction under Amendment 821's status

12   point provision but argues that the court should deny a reduction

13   given the seriousness of his crimes and the harm to his victims,

14   and to provide deterrence to other potential offenders.   (Docket

15   No. 290.)

16   I.   Original Sentencing

17          At sentencing, the court ultimately determined that

18   defendant's total offense level was 20.   (Docket No. 293-1.)   The

19   court otherwise adopted the presentence report's calculations,

20   including the determination that defendant had 11 criminal

21   history points based on prior convictions and two "status points"

22   _____

     filed a supplemental motion, followed by a reply filed by
23   substitute counsel for defendant.  The court previously denied
     the motion for sentence reduction under Amendment 821 filed by
24   co-defendant Eric Lemoyne Willis.  (Docket No. 289.)

25      [2]    Amendment 821's status point provision also provides
     that defendants with six or fewer prior criminal points receive
26   no additional criminal history points for committing the instant
     offense while under a criminal justice sentence, though the
27   parties agree that defendant Ross had more than six criminal
     history points due to his prior offenses.
28

1   for committing the instant offense while on probation, resulting

2   in a total criminal score of 13, leading to a criminal history

3   category of VI.  See Docket No. 293-1, PSR ¶¶ 52, 55-57, 61, 62,

4   64, 65, 71-72.  With those findings, defendant's Guidelines range

5   was 70-87 months on the conspiracy and wire fraud counts, for a

6   total Guidelines range of 94-111 months, including the two-year

7   mandatory consecutive minimum sentence on the identity theft

8   count.  (Docket No. 293-1.)  See also U.S.S.G. Ch. 5 Part A.

9        The government recommended a 66-month total sentence,

10  or 42 months on the conspiracy and wire fraud counts due to

11  defendant's cooperation and assistance and the 24-mandatory

12  minimum sentence on the identity theft count.  (Docket No. 255.)

13  However, the court determined that the government's recommended

14  sentence was not sufficient to satisfy the purposes in sentencing

15  under 18 U.S.C. § 3553(a), notwithstanding defendant's

16  cooperation, and sentenced defendant to 48 months on the

17  conspiracy and wire fraud counts and gave the mandatory minimum

18  consecutive sentence of 24 months on the aggravated identity

19  theft count, for a total of 72 months.  (Docket No. 253.)

20  II.  Discussion

21       Section 3582(c)(2) allows a federal court to "modify a

22  term of imprisonment" where "a defendant [was] sentenced . . .

23  based on a sentencing range that has subsequently been lowered by

24  the [United States] Sentencing Commission."  18 U.S.C. §

25  3582(c)(2).  The United States Supreme Court held in Dillon v.

26  United States, 560 U.S. 817 (2010) that Section 3582(c)(2)

27  involves "a two-step inquiry."  Id. at 826.  "A court must first

28  determine that a reduction is consistent with [the policies set

3

1   forth in] § 1B1.10" of the Guidelines ("Section 1B1.10").  Id.

2   "At step two of the inquiry, § 3582(c)(2) instructs a court to

3   consider any applicable § 3553(a) factors and determine whether,

4   in its discretion, the reduction authorized by reference to the

5   policies relevant at step one is warranted in whole or in part

6   under the particular circumstances of the case."  Id. at 827.

7   Because the parties agreed that step one is met, the court must

8   decide whether to exercise its discretion given the circumstances

9   of this case.

10          The court acknowledges defendant's attempts at

11  rehabilitation, including completing college and other courses,

12  his progress towards restitution, and his lack of disciplinary

13  issues.  The court also recognizes that defendant's new

14  Guidelines range under Amendment 821 is now 63-78 months on the

15  conspiracy and wire fraud counts, because he now has 12 criminal

16  history points under Amendment 821, instead of 13.  See U.S.S.G.

17  Ch. 5 Part A.  Applying a 30% reduction, roughly comparable to

18  that given by the court at sentencing, to the new low end of the

19  Guidelines would result in a 44-month sentence on the conspiracy

20  and wire fraud counts, or a total 68 month sentence when combined

21  with the 2-year mandatory minimum sentence for identity theft --

22  the sentence requested by defendant in this motion.

23          Nevertheless, the court declines to reduce defendant's

24  sentence.  Defendant benefitted from the government's agreement

25  that the actual loss amount was less than $500,000, significantly

26  less than the presentence report's determination that it was

27  $697,000.  This agreement, accepted by the court, had the effect

28  of reducing defendant's total offense level by two levels.  (See

4

1   PSR ¶ 31; Docket Nos. 187; 236 at 2-3; 293-1.)  Defendant's

2   cooperation and compliance with pretrial services requirements

3   were also already taken into account in the presentence report

4   and at sentencing, with the court granting a significant downward

5   departure.

6           Most importantly, a reduction in sentence is

7   inappropriate given the nature of defendant's offense and the

8   impact on his victims.  Defendant participated in a scheme to

9   steal from over 200 Social Security beneficiaries, beneficiaries

10  who were dependent on these payments for their livelihood.  As

11  the court explained at the sentencing of co-defendant Eric

12  Lemoyne Willis, "[t]here's no amount of money that can compensate

13  most of those people for what they tell me they have lost."

14  (Docket No. 219 at 10; see also Docket No. 195-3 (victim impact

15  statements).)  The court also notes that at least one victim has

16  opposed defendant's request for a sentence reduction.  (See

17  Docket No. 290 Ex. 1.)

18          Under these circumstances, a sentence reduction is not

19  appropriate, notwithstanding Amendment 821's retroactive

20  reduction of defendant's "status points" in calculating his

21  recommended sentence under the Guidelines and defendant's record

22  after sentencing.  Accordingly, defendant's motion for a sentence

23  reduction under Amendment 821 (Docket No. 272; see also Docket

24  No. 288) is DENIED.

25          IT IS SO ORDERED.

26  Dated:  January 22, 2025

    WILLIAM B. SHUBB
27  UNITED STATES DISTRICT JUDGE

28

                                  5