JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave., Suite 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
DARRON DIMITRI ROSS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

 v.

DARRON DIMITRI ROSS,

      Defendants.

CASE NO.  2:18-CR-00266-02-WBS

DEFENDANT DARRON D. ROSS' MOTION FOR
EXTENSION OF TIME TO FILE NOTICE OF
APPEAL; ORDER; DECLARATION OF COUNSEL

Judge: Hon. William B. Shubb

  Mr. Ross has indicated he wishes to appeal the court's order regarding his request for relief

pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.  This court denied Mr. Ross' request for relief

pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 in a written order dated January 23, 2025 (see,

ECF 299; no amended judgment has been issued).  As such, Mr. Ross' Notice of Appeal should have

been filed by February 6, 2025.  Should the court grant the requested 30-day extension, Mr. Ross's

Notice of Appeal would be due by March 8, 2025.

  Federal Rule of Appellate Procedure 4(b)(1)(A)(I) provides that in a criminal case "a defendant's

notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either

the judgment or the order being appealed."  Section 4(b)(4) provides that "[u]pon a finding of excusable

neglect or good cause, the district court may -- before or after the time has expired, with or without

motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the

expiration of the time otherwise prescribed by this Rule 4(b)."

  The defense requests the Court extend time for 30 days the time for Mr. Ross to file a Notice of

1

Appeal in this case, which, as noted, would make the Notice of Appeal due March 6, 2025. Defense counsel's attached declaration sets forth the basis for a finding of good cause or excusable neglect. Simply put, the delay in filing the Notice of Appeal is undersigned counsel's fault and counsel's error should not be visited upon Mr. Ross (see attached declaration of counsel).

Counsel asks that this Court find good cause or excusable neglect, and extend time for the filing of the Notice of Appeal.  No hearing is necessary.  A proposed order is set forth below.  Should the court grant the requested extension of time, undersigned counsel requests to be relieved and appellate counsel be appointed.  Undersigned counsel will however, should the court grant the requested extension, immediately file a pro-se Notice of Appeal on behalf of Mr. Ross.


Dated:  February 26, 2025                     /S/ John R. Manning_____
                                              JOHN R. MANNING
                                              Attorney for Defendant
                                              Darron Dimitri Ross



**ORDER**

The United States having no objection, the court finds good cause or excusable neglect appearing within the meaning of Federal Rule of Appellate Procedure 4(b)(4) and extends time for the filing of a notice of appeal for 30 days.


IT IS SO FOUND AND ORDERED.

Dated:  February 28, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

DECLARATION OF JOHN R. MANNING

1.      My name is John R. Manning and I am an attorney licensed to practice law in the State of California and the Eastern District of California.

2.      As part of my practice, I was appointed to represent Mr. Ross before the District Court in the underlying matter.  Mr. Ross was ultimately sentenced to a total of 72 months custody.

3.      Mr. Ross initially filed a pro se motion making various claims for relief.

4.      The Federal Defenders Office was appointed to represent Mr. Ross and filed his opening brief seeking relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

5.      Due to a concern over a possible conflict (and because I was familiar with the case having represented Mr. Ross for several years before the District Court), I substituted into the matter before Mr. Ross's Reply brief was due.

6.      Ultimately, I filed the Reply brief.  The court denied Mr. Ross request for relief on January 23, 2025.

7.      On January 23, 2025, I sent several emails to Mr. Ross (who is in the custody of the BOP at the "camp" in/at the Morgantown, WV, facility) via "Corrlinks" (the BOP email system inmates can access).  I additionally sent Mr. Ross a copy, via snail mail, of the court's order denying his request for relief.

8.      Unfortunately, but undeniably, I did not, in either of my emails or my letter to Mr. Ross advise him of his appellate rights (or even, frankly, mention appealing the court's order).

9.      I routinely checked the Corrlinks website to see if Mr. Ross responded, but I did not reach out to him regarding his possible appeal.

10.      On February 24, 2025, I did reach out (via Corrlinks) to Mr. Ross to discuss the status of his First Step Act credits.  It was during this email exchange on February 24, 2025, that Mr. Ross indicated his intention and desire to appeal the court's ruling denying him relief pursuant to 18 U.S.C. §

3

3582(c)(2) and Amendment 821.

11.  Upon receiving this information from Mr. Ross, I immediately contacted the Federal Defenders Office to chart the best path forward for Mr. Ross.  The request for an extension of time and this declaration are the progeny of my discussion with the Federal Defenders Office.

12.  Simply put, it was my failure to alert Mr. Ross to the relevant time constraints related to his possible appeal that has led "us" to this point.  The fault for this lies solely and entirely with me.  It was certainly not my intention to prejudice Mr. Ross, but I did so nonetheless.  My ineffectiveness should not burden Mr. Ross' ability to appeal.

I declare under penalty of perjury that the above facts are true and correct to the best of my knowledge.

Dated:  February 26, 2025                    /s/ John R. Manning
                                             JOHN R. MANNING
                                             Attorney for Mr. Ross